In the Matter of the Judicial Settlement of the Second Intermediate Account of Proceedings of J. MAYHEW WAINWRIGHT and CITY BANK FARMERS TRUST COMPANY (Formerly Known as FARMERS LOAN & TRUST COMPANY), as Trustees under the Last Will and Testament of HERBERT G. SQUIERS, Deceased, Respondent; VIRGINIA SUTPHIN SQUIERS, as Executrix, etc., of BARD MACD. SQUIERS, Deceased, Appellant; JOHN ASTOR SQUIERS, HERBERT G. SQUIERS, ETHEL M. SQUIERS and ROBERT Y. CLARK, as Special Guardian for MARIE J. C. WHITMAN, HAROLD C. WHITMAN, 3RD, BARD SQUIERS ROUSSEAU, MARGARET A. O. L. DRAYTON, MYLES CHRISTIAN CAMPBELL SQUIERS, ARTHUR BUTLER SQUIERS, FRANCES SARAH SQUIERS and MARGARET MACDONALD SQUIERS, Infants, Appellants, Respondents; FRANKLIN BROOKS, Special Guardian for HERBERT G. SQUIERS, JR., and HERBERT G. SQUIERS, 3RD, Infants, Respondent.— Decree of the Surrogate's Court of Westchester county modified by striking out paragraph 5 of the recitals, by striking out so much of paragraph 6 of the recitals as determines that the residuary trust fund described in account No. 4 will include, after the date of the death of the testator's widow, the fund described in account No. 3, and by substituting in lieu thereof a provision that the trustee divide the principal of the fund described in account No. 3, being the trust under article fourth of the will, into five equal shares and pay over one share of said fund to each of the five children of the testator surviving at the time of the termination of the trust under article fourth; by striking "3" from paragraph sixth of the decretal part of the decree, and by inserting a new decretal paragraph, numbered sixth-A, directing that the trustee divide the principal of the fund described in account No. 3 into five equal shares and pay over one share of said fund to each of the five children of the testator surviving at the time of the termination of the trust under article fourth. As so modified, the decree, in so far as appealed from, is unanimously affirmed, with costs, payable out of the estate, to all parties filing briefs. The matter is remitted to the Surrogate's Court to enter a decree accordingly. The decree entered June 25, 1915, in so far as it adjudges that a trust was set up under article fourth, separate from the residuary trust, is *res judicata*. The direction of the testator that upon the termination of the trust set up under article fourth the proceeds thereof be added to the residuary trust is in contravention of section 11 of the Personal Property Law. This was a contingency for which the testator provided by directing that if the proceeds of the trust set up by article fourth could not be added to the residuary trust, that they " be forthwith distributed in the same manner as provided for the distribution of the principal of the said residuary estate upon the final termination of the trust," to wit, " equally among my then surviving children." The language just quoted manifests an intention on the part of the testator that the proceeds of the trust set up by article fourth be distributed equally among his children living at the termination of that trust and not at the termination of the residuary trust set up in article fifth. Present — Hagarty, Davis, Johnston, Adel and Close, JJ. [161 Misc. 257.]